**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| NOAH R. ROBINSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 2:18-cv-02621-SHM-tmp |
| | ) | |
| ANGELA OWENS, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**ORDER DENYING PETITION PURSUANT TO 28 U.S.C. § 2241,**
**CERTIFYING APPEAL WOULD NOT BE TAKEN IN GOOD FAITH,**
**AND**
**DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

Before the Court is the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("§ 2241 Petition," ECF No. 1), filed by Petitioner, Noah R. Robinson, Bureau of Prisons ("BOP") register number 99857-024, an inmate now incarcerated at the Federal Correctional Institution in Edgefield, South Carolina. For the reasons stated below, the Court **DENIES** the § 2241 Petition.

I.    **ROBINSON'S FEDERAL CRIMINAL CASE & COLLATERAL CHALLENGES**

In 1989, Robinson was indicted by a federal grand jury in the Northern District of Illinois on charges that included racketeering and narcotics conspiracy, based on his participation in the affairs of the El Rukn street gang. (*See United States v. Andrews*, Case No. 1:89-cr-00908-31 (N.D. Il.) *See generally United States v. Boyd*, 55 F.3d 239 (7th Cir. 1995). Robinson was tried by a jury in 1991 and found guilty. A motion for a new trial was granted, and the Seventh Circuit affirmed. *Boyd*, 55 F.3d at 246.

On remand in 1996, the jury found Robinson guilty. He was sentenced to life imprisonment

on the racketeering and narcotics conspiracy counts.  He received concurrent sentences on four other counts: interstate travel to commit a murder-for-hire (Count 9); interstate travel with intent to commit murder-for-hire (Counts 8 and 11); and attempted murder to prevent a witness from giving information in a federal criminal investigation (Count 13).  (*See* ECF No. 8 at PageID 35.)  The Seventh Circuit affirmed.  *See generally United States v. Boyd*, 208 F.3d 638 (7th Cir. 2000).

The United States Supreme Court granted the petition for writ of certiorari, and the case was remanded to the Seventh Circuit for reconsideration in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000).  *Robinson v. United States*, 531 U.S. 1135 (2001).  On remand, the Seventh Circuit reaffirmed the judgment.  *United States v. Green*, 6 F. App'x 377 (7th Cir. 2001).  A second petition for certiorari was denied on October 9, 2001.  *Green v. United States*, 534 U.S. 968 (2001).

In 2002, Robinson filed a motion to vacate his sentence under 28 U.S.C. § 2255 in the United States District Court for the Northern District of Illinois.  The court denied the motion and a certificate of appealability.  *See United States v. Robinson*, No. 1:02-cv-7324, 2004 WL 557389 (N.D. Ill. Mar. 19, 2004).  The Seventh Circuit granted a limited certificate of appealability and remanded for consideration based on *Blakely v. Washington*, 542 U.S. 296 (2004).  *See* Order, *Robinson v. United States*, Case Nos. 04-1794 & 04-2451 (7th Cir. Nov. 9, 2004).  The district court considered *Blakely* and *United States v. Booker*, 543 U.S. 220 (2005), and denied Robinson relief.  *See* Minute Entry, *Robinson*, No. 1:02-cv-07324 (N.D. Ill. Mar. 2, 2005).

The Seventh Circuit has repeatedly denied Robinson's requests for permission to pursue a successive § 2255 motion.  *See*, e.g., Order, *Robinson v. United States*, No. 18-1942 (7th Cir. May 23, 2018); Order, *Robinson v. United States*, No. 06-3363 (7th Cir. Oct. 2, 2006); Order, *Robinson v. United States*, No. 06-3102 (7th Cir. Sept. 1, 2006).  District Judges and Court of Appeals Judges have cautioned and sanctioned Robinson for filing frivolous *pro se* motions.  *See United States v.*

2

*Robinson*, 251 F.3d 594, 595 (7th Cir. 2001) ("Noah Robinson is an incessant repetitive filer of frivolous motions attacking his conviction and sentence."); *see United States v. Boyd*, 792 F. Supp. 1083, 1091 (N.D. Ill. 1992) ("Robinson is to pretrial motions what McDonald's is to hamburgers."). In February 2006, the Seventh Circuit sanctioned Robinson by prohibiting him from filing pleadings with the court, which resulted in Robinson's being fined later that year. *See* Order, *United States v. Robinson*, No. 98-2038 (7th Cir. Feb. 17, 2006); *see* Order, *Robinson v. United States*, No. 06-3102 (7th Cir. Sept. 1, 2006).[1]

Robinson has unsuccessfully sought habeas relief under 28 U.S.C. § 2241 on multiple occasions including a previous § 2241 Petition filed in this Court (*see* Civ. No. 16-2635).[2] *See Robinson v. U.S. Parole Comm'n*, No. 2:12-CV-00061-WTL, 2014 WL 4988042 (S.D. Ind. Oct. 7, 2014); *see Robinson v. Lara*, 691 F. App'x 201 (5th Cir. 2017); *see also Robinson v. Hutchinson*, 813 F. App'x 110 (4th Cir. 2020).

## II.   ROBINSON'S INSTANT § 2241 PETITION (CIV. NO. 18-2621)

On September 7, 2018, Robinson filed the instant § 2241 Petition asserting claims under *Burrage v. United States*, 571 U.S. 204 (2014), *Descamps v. United States*, 570 U.S. 254 (2013),

---

[1] Robinson disputes Respondent's statement that Robinson has, for almost 30 years, filed frivolous *pro se* motions and notes his success in various proceedings. (ECF No. 11 at PageID 51-54.)

[2] On June 12, 2017, the Court denied relief stating that Robinson had not met his burden of demonstrating that the § 2255 remedy is inadequate or ineffective and had not presented sufficient evidence to demonstrate actual innocence. (Civ. No. 16-2635, ECF No 12 at PageID 183-184.) The Sixth Circuit affirmed stating that: (1) "Robinson directly challenges his convictions on grounds that he was sentenced for elements of which he was not convicted, and *Hill* [*v. Masters*, 836 F.3d 591 (6th Cir. 2016),] specifically limits its applicability to changes in statutory interpretation which reveal that a "previous conviction is not a predicate offense for a career-offender enhancement"; (2) *Apprendi* was not an "intervening" case applicable to Robinson's convictions; (3) *Descamps* is not an intervening change in law applicable to his case; and (4) Robinson can "at best demonstrate only a conflicting version of events," not actual innocence. (*See* ECF No. 19 at PageID 213.)

and *Harrington v. Ormond*, 900 F.3d 246 (6th Cir. 2018).[3]  (*See* Civ. No. 18-2621, ECF No. 1 at PageID 1-3.)

Robinson asserts that, under *Burrage*, the "death results" penalty enhancement is an element that must be submitted to the jury and found beyond a reasonable doubt.  (*Id.* at PageID 4-5.)  He contends that the "death or serious bodily injury" element of his 21 U.S.C. § 841(b)(1) offense is the functional equivalent of 18 U.S.C. § 1958's "causing bodily injury" or "causing death" elements.  (*Id.* at PageID 5.)  Robinson argues that, for the charged narcotics conspiracy offense (21 U.S.C. § 846), the drug quantity was not charged, tried, or decided.  (*Id.*)  He asserts that, for the murder for hire offense (18 U.S.C. § 1958), the intent, causing personal injury, and causing death results elements were not charged, tried, or decided.  (*Id.*)  Robinson contends that his sentences for the narcotics and murder for hire convictions were egregiously enhanced and that he was illegally sentenced to life without parole.  (*Id.* at PageID 5-6.)  Citing *Hill*, 836 F.3d at 596, he argues that the misapplied enhancements resulted in a miscarriage of justice and that he is actually innocent of the enhanced drug quantity and enhanced section 1958 offenses.  (*Id.* at PageID 6-7.)

On December 4, 2018, Respondent filed a response in opposition to the § 2241 Petition. (ECF No. 8.)  She contends that the precise nature of Robinson's claims is unclear, but he appears to be challenging the life sentences he received on various counts, including the narcotics conspiracy count.  (*Id.* at PageID 37.)

Respondent argues that *Hill* only allows the challenge of a sentence under two circumstances: (1) where the defendant was sentenced as a career offender under the pre-*Booker*

---

[3] In *Harrington*, the Sixth Circuit held that *Burrage* applies retroactively on collateral review and can be invoked in a § 2241 Petition.  *See Harrington*, 900 F.3d at 249–250.

mandatory guidelines and can show a subsequent, retroactive change in statutory interpretation by the Supreme Court that the previous conviction is not a predicate offense for the career offender enhancement; or (2) where the defendant's sentence exceeded the maximum prescribed by statute. (*Id.* at PageID 37-38.)   Respondent argues that *Hill* does not apply here because Robinson's sentences were not based on a career offender enhancement.   (*Id.* at PageID 38.)   Respondent contends that *Burrage* is not helpful to Robinson because he was not subjected to a life sentence under a "death-results" enhancement.   (*Id.*at PageID 39.)   Respondent says that Robinson's life sentences were driven by the quantity of drugs and the RICO-related convictions.   *See Robinson*, 2004 WL 557389, at **3-7.

On December 26, 2018, Robinson filed a reply to Respondent's answer.   (ECF No. 11.) Robinson argues that Respondent did not comment on or dispute the claim that, under *Descamps*, there are three separate crimes and statutory maximum penalties under 18 U.S.C. § 1958.   (*Id.* at PageID 47-48.)   Robinson asserts that he was charged and convicted under the intent element only, not the "causing injury" or "causing death" elements.   (*Id.* at PageID 48.)   He asserts that "[n]o amount of any drug type" was presented on the trial record in this case and that Judge Holderman imputed the drug quantity based on his own speculation.   (*Id.* at PageID 49-50.)   Robinson asserts that his sentences "relied on conjecture, baseless imputed, not grand jury charged, not trial jury decided drug quantity of any type.   No actual evidence from witness testimony.   Not a grain of physical drugs confiscated or presented into the evidence of trial record."   (*Id.* at PageID 55.)   He contends that this a classic illustration of a miscarriage of justice.   (*Id.*)

## III.   ANALYSIS OF PETITIONER'S CLAIM

This Court is authorized to issue a writ of habeas corpus under 28 U.S.C. § 2241(c)(3) when a prisoner "is in custody in violation of the Constitution or laws or treaties of the United

States."  Federal prisoners may obtain habeas corpus relief pursuant to 28 U.S.C. § 2241 only

under limited circumstances.  The "savings clause" in § 2255 provides as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is
> authorized to apply for relief by motion pursuant to this section, shall
> not be entertained if it appears that the applicant has failed to apply for relief, by motion,
> to the court which sentenced him, or that such court has denied him relief, unless it
> also appears that the remedy by motion is inadequate or ineffective to test the
> legality of his detention.

28 U.S.C. § 2255(e).

"Construing this language, courts have uniformly held that claims asserted by federal

prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in

the sentencing court under 28 U.S.C. § 2255, and that claims seeking to challenge the execution

or manner in which the sentence is served shall be filed in the court having jurisdiction over the

prisoner's custodian under 28 U.S.C. § 2241."  *Charles v. Chandler*, 180 F.3d 753, 755–56 (6th

Cir. 1999) (per curiam) (citations omitted); *see also United States v. Peterman*, 249 F.3d 458, 461

(6th Cir. 2001) ("Section 2255 is the primary avenue for relief for federal prisoners protesting the

legality of their sentence, while § 2241 is appropriate for claims challenging the execution or

manner in which the sentence is served."); *see also Wright v. Spaulding*, 939 F.3d 695, 698 (6th

Cir. 2019) ("The rule was simple: § 2255 for attacks on a sentence, § 2241 for other challenges to

detention").  In this case, Robinson is attacking his conviction and the imposition of his sentence

and, therefore, habeas relief is not available to him unless relief under § 2255 is inadequate or

ineffective.  Robinson has the burden of demonstrating that the savings clause applies.  *Charles*,

180 F.3d at 756.

"The circumstances in which § 2255 is inadequate and ineffective are narrow . . . ."

*Peterman*, 249 F.3d at 461.  "[T]he § 2255 remedy is not considered inadequate or ineffective

simply because § 2255 relief has already been denied, or because the petitioner is procedurally

barred from pursuing relief under § 2255, or because the petitioner has been denied permission to file a second or successive motion to vacate." *Charles*, 180 F.3d at 756 (citations omitted).  In *Wright*, the Sixth Circuit states

> a federal prisoner who has already filed a § 2255 motion and cannot file another one cannot access § 2241 just because a new Supreme Court case hints his conviction or sentence may be defective. Rather, the prisoner must also show that binding adverse precedent (or some greater obstacle) left him with "no reasonable opportunity" to make his argument any earlier, "either when he was convicted and appealed or later when he filed a motion for postconviction relief under section 2255[.]" *Davenport*, 147 F.3d at 610. Otherwise, § 2255 is simply not inadequate or ineffective to test his claim. And nothing in this court's later precedents gainsays this principle.

*Wright*, 939 F.3d at 703.

A prisoner can obtain relief under § 2241 only if he is "actually innocent" of the crime of which he has been convicted.  *Martin v. Perez*, 319 F.3d 799, 804–05 (6th Cir. 2003); *see also Charles*, 180 F.3d at 757 ("No circuit court has to date permitted a post-AEDPA petitioner who was not effectively making a claim of 'actual innocence' to utilize § 2241 (via § 2255's 'savings clause') as a way of circumventing § 2255's restrictions on the filing of second or successive habeas petitions.").  "Actual innocence means factual innocence," not just legal insufficiency. *Paulino v. United States*, 352 F.3d 1056, 1061 (6th Cir. 2003) (citing *Bousley v. United States*, 523 U.S. 614, 623 (1998)).  Until recently, "[c]laims alleging 'actual innocence' of a sentencing enhancement [could not] be raised under § 2241." *Jones v. Castillo*, 489 F. App'x 864, 866 (6th Cir. 2012).

In *Hill*, 836 F.3d at 595, the Sixth Circuit held that inmates can challenge their sentences under § 2241 if they can show "(1) a case of statutory interpretation, (2) that is retroactive and could not have been invoked in the initial § 2255 motion, and (3) that the misapplied sentence

presents an error sufficiently grave to be deemed a miscarriage of justice." The third requirement is satisfied where

> (1) prisoners . . . are sentenced under the mandatory guidelines regime pre-*United States v. Booker*, 543 U.S. 220 (2005), (2) . . . are foreclosed from filing a successive petition under § 2255, and (3) . . . a subsequent, retroactive change in statutory interpretation by the Supreme Court reveals that a previous conviction is not a predicate offense for a career-offender enhancement.

*Id.* at 599-600 (parallel citations omitted).

The Sixth Circuit has determined that Robinson is not entitled to relief based on *Hill* or *Descamps*, *see* supra p. 3 fn. 2. Under *Burrage*, a defendant cannot be guilty for a death caused by distributing drugs unless he is the but-for cause, or an independently sufficient cause, of death. *Obi v. United States*, 797 F. App'x 926, 928 (6th Cir. 2019). However, as previously stated, Robinson's life sentence was not based on the "death results" enhancement at issue in *Burrage*, but on the drug quantity and his RICO-related violations. Further, Robinson has not demonstrated actual, factual innocence of the crimes for which he was convicted.

Because Robinson has not demonstrated that § 2241 provides the relief requested, the § 2241 Petition is DENIED.

## IV.   APPEAL ISSUES

Federal prisoners who file petitions pursuant to 28 U.S.C. § 2241 challenging their federal custody need not obtain certificates of appealability under 28 U.S.C. § 2253(c)(1). *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004); *Melton v. Hemingway*, 40 F. App'x 44, 45 (6th Cir. 2002).

To appeal *in forma pauperis* in a habeas case under 28 U.S.C. § 2241, the petitioner must obtain pauper status pursuant to Fed. R. App. P. 24(a). *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997). Rule 24(a) provides that a party seeking pauper status on appeal must first file a

motion in the district court, along with a supporting affidavit.  Fed. R. App. P. 24(a)(1).  However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the petitioner must file his motion to proceed *in forma pauperis* in the appellate court.  *See* Fed. R. App. P. 24(a)(4)-(5).

In this case, because Petitioner is clearly not entitled to relief, the Court determines that any appeal would not be taken in good faith.  It is therefore **CERTIFIED**, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter would not be taken in good faith.  Leave to appeal *in forma pauperis* is **DENIED**.[4]

IT IS SO ORDERED this 19th day of August, 2020.

 s/  *Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

---

[4] If Petitioner files a notice of appeal, he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the United States Court of Appeals for the Sixth Circuit within 30 days.

9